**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **GEOTAG, INC.** | |
| **Plaintiff,** | C.A. No. 2:11-cv-00404-MHS-CMC |
| **v.** | Judge Michael H. Schneider |
| **EYE CARE CENTERS OF AMERICA, INC.**, *et al.*; | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## DEFENDANT BOSE CORPORATION ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF GEOTAG INC.'S AMENDED COMPLAINT

Defendant Bose Corporation ("Bose") hereby sets forth its Answer, Defenses, and Counterclaims to the Amended Complaint for Patent Infringement ("Complaint") of Plaintiff GeoTag, Inc. ("GeoTag"). Bose responds to the individually enumerated paragraphs of the Complaint as follows:

## PARTIES

1.      Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and, therefore, denies them.

2.      Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and, therefore, denies them.

3.      Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and, therefore, denies them.

4.      Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and, therefore, denies them.

5.      Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and, therefore, denies them.

6.      Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and, therefore, denies them.

7.      Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and, therefore, denies them.

8.      Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and, therefore, denies them.

9.      Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and, therefore, denies them.

10.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and, therefore, denies them.

11.     Admitted.

12.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and, therefore, denies them.

13.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and, therefore, denies them.

14.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and, therefore, denies them.

15.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and, therefore, denies them.

16.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and, therefore, denies them.

17.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and, therefore, denies them.

18.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and, therefore, denies them.

19.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and, therefore, denies them.

20.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and, therefore, denies them.

21.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and, therefore, denies them.

22.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and, therefore, denies them.

23.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and, therefore, denies them.

24.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and, therefore, denies them.

25.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and, therefore, denies them.

26.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and, therefore, denies them.

27.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and, therefore, denies them.

28.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and, therefore, denies them.

29.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and, therefore, denies them.

30.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and, therefore, denies them.

31.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and, therefore, denies them.

32.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and, therefore, denies them.

33.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and, therefore, denies them.

34.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, and, therefore, denies them.

35.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and, therefore, denies them.

36.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36, and, therefore, denies them.

37.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37, and, therefore, denies them.

38.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and, therefore, denies them.

39.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and, therefore, denies them.

40.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40, and, therefore, denies them.

41.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and, therefore, denies them.

42.     Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and, therefore, denies them.

## JURISDICTION AND VENUE

1.   Bose admits that this Complaint purports to be an action arising under the patent laws of the United States, Title 35 of the United States Code and that this Court has subject matter jurisdiction over such matters pursuant to 28 U.S.C. §§ 1331 and 1338(a), however, Bose denies the legal sufficiency of Plaintiff's claims and allegations and denies that Plaintiff has any viable claim thereunder.  Bose further denies that it has interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum.  Bose admits that it has done and solicited business from goods and services provided to persons or entities in Texas.  Bose is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 and, therefore, denies them.

2.   To the extent that the allegations in Paragraph 2 are related to Bose, Bose admits that venue is proper in this district under 28 U.S.C. §§ 1391 (b) – (c) and 1400(b).  Bose denies that it has committed acts of patent infringement in this district or any other judicial district.  Further, Bose denies that it has interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this district.  Bose admits that it has done and

solicited business from goods and services provided to persons or entities in this district.  Bose is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 and, therefore, denies them.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,930,474

3.   Bose admits that United States Patent No. 5,930,474 ("the '474 patent") is entitled "Internet Organizer for Accessing Geographically and Topically Based Information."  Bose further admits that the '474 patent indicates an issue date of July 29, 1999.   Bose is without knowledge or information sufficient to for a belief as to the truth of the remaining allegations of Paragraph 3, and, therefore, denies them.

4.   Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and, therefore, denies them.

5.   Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and, therefore, denies them.

6.   Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and, therefore, denies them.

7.   Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and, therefore, denies them.

8.   Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and, therefore, denies them.

9.   Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and, therefore, denies them.

10. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and, therefore, denies them.

11. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and, therefore, denies them.

12. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and, therefore, denies them.

13. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and, therefore, denies them.

14. Bose denies that it has infringed the '474 patent pursuant to 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas. Bose is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14 and, therefore, denies them.

15. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and, therefore, denies them.

16. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and, therefore, denies them.

17. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and, therefore, denies them.

18. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and, therefore, denies them.

19. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and, therefore, denies them.

20. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and, therefore, denies them.

21. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and, therefore, denies them.

22. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and, therefore, denies them.

23. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and, therefore, denies them.

24. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and, therefore, denies them.

25. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and, therefore, denies them.

26. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and, therefore, denies them.

27. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and, therefore, denies them.

28. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and, therefore, denies them.

29. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and, therefore, denies them.

30. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and, therefore, denies them.

31. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and, therefore, denies them.

32. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and, therefore, denies them.

33. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and, therefore, denies them.

34. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, and, therefore, denies them.

35. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and, therefore, denies them.

36. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36, and, therefore, denies them.

37. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37, and, therefore, denies them.

38. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and, therefore, denies them.

39. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and, therefore, denies them.

40. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40, and, therefore, denies them.

41. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and, therefore, denies them.

42. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and, therefore, denies them.

43. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and, therefore, denies them.

44. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and, therefore, denies them.

45. Bose is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and, therefore, denies them.

46. Bose denies that it is or has been willfully infringing the '474 patent.  Bose is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 46, and, therefore, denies them.

47. Bose denies that it has infringed the '474 patent, and denies that it has damaged GeoTag.  Bose denies that it is liable to GeoTag for any amount, including a reasonable royalty. Bose is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47, and, therefore, denies them.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by GeoTag to which no response is required.  Bose denies that GeoTag is entitled to any of the requested relief and denies any allegations contained in the Prayer for Relief to which a response is required.

## GENERAL DENIAL

Except as expressly admitted herein, Bose denies each and every allegation contained in GeoTag's Amended Complaint.

## DEMAND FOR JURY TRIAL

Bose admits that GeoTag demands a trial by jury on all issues so triable in this action pursuant to Fed. R. Civ. P. 38(b).  Bose demands a trial by jury on all issues so triable.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden that it would not otherwise bear, and reserving its rights to assert additional defenses, Bose asserts the following defenses to GeoTag's Complaint:

## FIRST DEFENSE
## (FAILURE TO STATE A CLAIM)

1.      Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE
## (NONINFRINGEMENT)

2.      Bose does not infringe and has not infringed any valid and enforceable claim of the '474 patent literally, directly, indirectly, contributorily, by way of inducement, or under the doctrine of equivalents.

## THIRD DEFENSE
## (INVALIDITY)

3.      The claims of the patent-in-suit are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.,* including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FOURTH DEFENSE
## (PROSECUTION HISTORY ESTOPPEL)

4.      By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications which resulted in the issuance of the patent-in-suit, GeoTag is estopped from claiming infringement by Bose of one or more claims of the patent-in-suit.

## FIFTH DEFENSE
## (LIMITATION ON DAMAGES)

5.      Any claim by GeoTag for damages is limited under 35 U.S.C. §§ 286, 287, and/or

288.  GeoTag is barred under 35 U.S.C. § 286 from recovering damages for acts occurring more

than six years prior to the date of the filing of the Complaint.  Plaintiff is barred by 35 U.S.C. §

288 from recovering costs associated with its action.

## SIXTH DEFENSE
### (EQUITY)

6.      GeoTag is barred in whole or in part under principles of equity, including, but not

limited to, laches, prosecution laches, waiver, estoppel, and/or unclean hands.

## SEVENTH DEFENSE
### (NO EXCEPTIONAL CASE)

7.      GeoTag cannot prove that this is an exceptional case justifying award of attorney

fees against Bose pursuant to 35 U.S.C. § 285.

## EIGHTH DEFENSE
### (ADEQUATE REMEDY AT LAW)

8.      GeoTag is not entitled to injunctive relief because any alleged injury to GeoTag is

not immediate or irreparable, since GeoTag does not practice the '474 patent, and GeoTag has an

adequate remedy at law.

## NINTH DEFENSE
### (LACK OF STANDING)

9.      GeoTag does not have standing to bring an action for infringement of the '474

patent under the Patent Laws of the United States.

## TENTH DEFENSE
### (UNCLEAN HANDS)

10.     GeoTag is barred from asserting the '474 patent under the doctrine of unclean

hands because it has committed unconscionable and inequitable acts which have an immediate

and necessary relation to the relief it now seeks.  For example, it has previously been alleged that

John Veenstra, a purported co-inventor of the '474 patent and CEO of Plaintiff GeoTag, improperly conveyed the '474 patent to an entity related to Mr. Veenstra.  *See Cityhub.com Inc. v. Veenstra et al*, Civil Action No. 2:09-cv-143 (E.D.Tex., dismissed Apr. 27, 2010).  Since that time, the '474 patent has been assigned numerous times to additional entities related to Mr. Veenstra, including GeoTag, and has resulted in an assignment record for the '474 patent containing numerous gaps and unexplained transactions.  Such facts indicate that improper conduct constituting unclean hands has transpired with respect to the ownership of the '474 patent.

## RESERVATION OF RIGHTS

Bose reserves the right to add any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS

Defendant/Counterclaimant Bose Corporation ("Bose") asserts counterclaims against Plaintiff/Counterdefendant GeoTag, Inc. ("GeoTag") as follows:

### Nature and Basis of Action

1.      This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the United States Patent Act, 35 U.S.C. § 1 *et seq.*  Bose requests declarations that: (i) it does not infringe any valid, enforceable claim of the '474 patent; and (ii) the '474 patent is invalid.

### The Parties, Jurisdiction, and Venue

2.      Bose is a corporation organized and existing under the laws of Delaware, with a principal place of business at The Mountain, Framingham, MA.

3.      According to Plaintiff's Complaint, GeoTag is a corporation organized and existing under the laws of Delaware with a place of business in Plano, Texas.

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.      This Court has personal jurisdiction over GeoTag pursuant to the laws of the State of Texas and the United States Constitution, including the Due Process Clause of the Fifth Amendment.  On information and belief, GeoTag has had substantial contacts with the State of Texas relating to the '474 patent sufficient to confer specific jurisdiction, as set forth in Geotag's amended complaint.

6.      While Bose denies that the convenient venue for this action is in the Eastern District of Texas, for purposes of these counterclaims Bose alleges that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 1400.

### Factual Allegations

7.      GeoTag purports to be the owner by assignment of the '474 patent in its Complaint.

8.      GeoTag asserts that Bose has infringed one or more claims of the '474 patent in its Complaint.

9.      Bose does not infringe and has not infringed any valid, enforceable claim of the '474 patent.

10.     Upon information and belief, all claims of the '474 patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### COUNTERCLAIM I:
### (DECLARATION OF NONINFRINGEMENT)

11.     Bose realleges and incorporates the averments of Paragraphs 1 through 10, inclusive, of its Counterclaims as if set forth herein in full.

12.     In its Complaint, GeoTag alleges that Bose infringes the '474 patent, which Bose denies.

13.     As a result of GeoTag's allegation, an actual controversy has arisen and now exists between the parties as to whether Bose infringes any claim of the '474 patent.  This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

14.     Bose has not infringed and does not infringe any valid, enforceable claim of the '474 patent.

15.     Pursuant to 28 U.S.C. § 2201 et seq., a judicial declaration that Bose does not infringe any claim of the '474 Patent is necessary and appropriate so that Bose can ascertain its rights as to the '474 Patent.

16.     This is an exceptional case under 35 U.S.C. § 285 because GeoTag filed its Complaint with knowledge of the facts set forth in this Counterclaim.

## COUNTERCLAIM II:
## (DECLARATION OF INVALIDITY)

17.     Bose realleges and incorporates the averments of Paragraphs 1 through 16, inclusive, of its Counterclaims as if set forth herein in full.

18.     In its Complaint, GeoTag alleges that Bose infringes the '474 patent, which Bose denies.

19.     As a result of GeoTag's allegation, an actual and justiciable controversy between the parties concerning the invalidity of the '474 patent for failure to meet the requirements of the

Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

20.     The '474 patent is invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

21.     Pursuant to 28 U.S.C. § 2201 et seq., a judicial declaration that the '474 Patent is invalid is necessary and appropriate so that Bose can ascertain its rights as to the '474 Patent. This is an exceptional case under 35 U.S.C. § 285 because GeoTag filed its Complaint with knowledge of the facts set forth in this Counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Bose requests judgment in its favor and against GeoTag as follows:

(i)     GeoTag recover nothing and its Amended Complaint be dismissed with prejudice;

(ii)    The Court deny any injunctive relief in favor of GeoTag and against Bose;

(iii)   The Court declare that Bose has not infringed and does not infringe any claim of the '474 Patent;

(iv)    The Court declare and order that the '474 Patent is invalid;

(v)     The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award Bose its reasonable attorneys' fees in this action;

(vi)    All costs be taxed against GeoTag; and

(vii)   Bose be granted such other and further relief as the Court deems just and proper.

Respectfully submitted this 2nd day of March, 2012.

*/s/ Deron R. Dacus*
Deron R. Dacus
State Bar No. 00790553
THE DACUS FIRM, P.C.

- 16 -

821 ESE Loop 323, Suite 430
Tyler, Texas 75701
903/705-1117 (phone & fax)
ddacus@dacusfirm.com
*Attorney for Defendant Bose Corporation*

### Certificate of Service

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A).

March 2, 2012

*/s/ Deron R. Dacus*
Deron R. Dacus