IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC., *et al.*,<br><br>               Plaintiff,<br><br>v.<br><br>EYE CARE CENTERS OF AMERICA,<br>INC., *et al.*<br><br>               Defendants. | No. 2:11-cv-00404-MHS-CMC<br><br>JURY TRIAL DEMANDED |

**GEOTAG, INC.'S ANSWER TO DEFENDANT
BOSE CORPORATION'S COUNTERCLAIMS**

Plaintiff GeoTag, Inc. ("GeoTag") hereby answers the Counterclaims of Defendant Bose Corporation ("Bose") filed on March 2, 2012 (Dkt. 120) by corresponding paragraph number as follows.

**ANSWER TO COUNTERCLAIMS**

Unless otherwise addressed herein with an admission, Plaintiff GeoTag generally denies all allegations in the Counterclaims. Each specific allegation is addressed as follows:

**NATURE AND BASIS OF ACTION**

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the United States Patent Act, 35 U.S.C. § 1 *et seq.* Bose requests declarations that (i) it does not infringe any valid, enforceable claim of the '474 Patent and (ii) the '474 Patent is invalid.

**ANSWER:** GeoTag admits that Bose purports to seek a declaration of non-infringement and invalidity of the patent-in-suit, but denies the remaining allegations of Paragraph 1.

## THE PARTIES, JURISDICTION, AND VENUE

2. Bose is a corporation organized and existing under the laws of Delaware, with a principal place of business at The Mountain, Framingham, MA.

**ANSWER:** GeoTag does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Counterclaims and, therefore, denies the same.

3. According to Plaintiff's Complaint, GeoTag is a corporation organized and existing under the laws of Delaware with a place of business in Plano, Texas.

**ANSWER:** GeoTag admits to having a place of business in Texas. However, GeoTag denies that it is a Delaware corporation.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** GeoTag admits that this Court has jurisdiction over the subject matter of this action, but denies that Bose is entitled to any relief.

5. This Court has personal jurisdiction over GeoTag pursuant to the laws of the State of Texas and the United States Constitution, including the Due Process Clause of the Fifth Amendment. On information and belief, GeoTag had substantial contacts with the State of Texas relating to the '474 Patent sufficient to confer specific jurisdiction, as set forth in GeoTag's amended complaint.

**ANSWER:** GeoTag admits that this Court has personal jurisdiction, but denies Bose is entitled to any relief.

6. While Bose denies that the convenient venue for this action is in the Eastern District of Texas, for purposes of these counterclaims Bose alleges that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400.

**ANSWER:** Admitted.

## FACTUAL ALLEGATIONS

7. GeoTag purports to be the owner by assignment of the '474 Patent in its Complaint.

**ANSWER:** Admitted.

8. GeoTag asserts that Bose has infringed one or more claims of the '474 Patent in its Complaint.

**ANSWER:** Admitted.

9. Bose does not infringe and has not infringed any valid, enforceable claim of the '474 Patent.

**ANSWER:** Denied.

10. Upon information and belief, all claims of the '474 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

**ANSWER:** Denied.

## COUNTERCLAIM I:
## (DECLARATION OF NONINFRINGEMENT)

11. Bose realleges and incorporates the averments of Paragraphs 1 through 10, inclusive, of its Counterclaims as if fully set forth herein.

**ANSWER:** GeoTag repeats and incorporates by reference the denials and admissions of Paragraphs 1 through 10 as if fully set forth herein.

12. In its Complaint, GeoTag alleges that Bose infringes the '474 Patent, which Bose denies.

**ANSWER:** GeoTag admits that it alleges that Bose infringes the '474 Patent, but denies the remaining allegations of Paragraph 12.

13. As a result of GeoTag's allegation, an actual controversy has arisen and now exists between the parties as to whether Bose infringes any claim of the '474 Patent. This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** GeoTag admits that an actual controversy between the parties, but denies the remaining allegations in Paragraph 13.

14. Bose has not infringed and does not infringe any valid, enforceable claim of the '474 Patent.

**ANSWER:** Denied.

15. Pursuant to 28 U.S.C. § 2201 *et seq.,* a judicial declaration that Bose does not infringe any claim of the '474 Patent is necessary and appropriate so that Bose can ascertain its rights as to the '474 Patent.

**ANSWER:** Denied.

16. This is an exceptional case under 35 U.S.C. § 285 because GeoTag filed its Complaint with knowledge of the facts set forth in this Counterclaim.

**ANSWER:** Denied.

## COUNTERCLAIM II:
## (DECLARATION OF INVALIDITY)

17. Bose realleges and incorporates the averments of Paragraphs 1 through 16, inclusive, of its Counterclaims as if fully set forth herein.

**ANSWER:** GeoTag repeats and incorporates by reference the denials and admissions of Paragraphs 1 through 16 as if fully set forth herein.

18. In its Complaint, GeoTag alleges that Bose infringes the '474 Patent, which Bose denies.

**ANSWER:** GeoTag admits that it alleges that Bose infringes the '474 Patent, but denies the remaining allegations in Paragraph 18.

19. As a result of GeoTag's allegation, an actual and justiciable controversy between the parties concerning the invalidity of the '474 Patent for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.,* including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

**ANSWER:** GeoTag admits that an actual controversy exists between the parties, but denies the remaining allegations of Paragraph 19.

20. The '474 Patent is invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.,* including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

**ANSWER**: Denied.

21. Pursuant to 28 U.S.C. § 2201 *et seq.*, a judicial declaration that the '474 Patent is invalid is necessary and appropriate so that Bose can ascertain its rights as to the '474 Patent. This is an exceptional case under 35 U.S.C. § 285 because GeoTag filed its Complaint with knowledge of the facts set forth in this Counterclaim.

**ANSWER:** Denied.

### BOSE'S PRAYER FOR RELIEF

With respect to Bose's prayer for relief, GeoTag denies that Bose is entitled to any of the relief sought by its Counterclaims.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

As affirmative defenses, GeoTag alleges as follows:

1. Defendant has failed to state a claim upon which relief can be granted with respect to its counterclaims.

2. Defendant has failed to state facts or a legal basis sufficient to permit recovery of its attorneys' fees or expenses for defending this suit.

3. GeoTag intends to rely upon any other defense that may become available in this case and hereby reserve the right to amend this Answer to assert any such defense.

Dated: March 27, 2012

Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By: */s/ Monica Tavakoli*
Christopher M. Joe (Lead Counsel)
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Eric W. Buether
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Brian A. Carpenter
State Bar No. 03840600
Brian.Carpenter@BJCIPLaw.com
Mark D. Perantie
State Bar No. 24053647
Mark.Perantie@BJCIPLaw.com
Niky Bukovcan
WA State Bar No. 39403
Niky.Bukovcan@BJCIPLaw.com
Monica Tavakoli
State Bar No. 24065822
Monica.Tavakoli@BJCIPLaw.com

1700 Pacific Avenue
Suite 2390
Dallas, Texas 75201
Telephone: (214) 466-1272
Facsimile: (214) 635-1828

        **NI LAW FIRM, PLLC**

        Hao Ni
        State Bar No. 24047205
        hni@nilawfirm.com

        3102 Maple Avenue
        Suite 400
        Dallas, Texas 75201
        Telephone:   (214) 800-2208
        Facsimile:    (214) 800-2209

        **ATTORNEYS FOR PLAINTIFF**
        **GEOTAG, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 27th day of March, 2012. Any other counsel of record will be served by facsimile transmission.

        */s/ Monica Tavakoli*
        Monica Tavakoli