# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **GEOTAG, INC.,** <br><br> v. <br><br> **FRONTIER COMMUNICATIONS CORP.;** *et al.*, | **2:10-cv-265** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **AROMATIQUE, INC.;** *et al.*, | **2:10-cv-570** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **GUCCI AMERICA, INC.;** *et al.*, | **2:10-cv-571** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **RENT-A-CENTER, INC.;** *et al.*, | **2:10-cv-573** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **THE WESTERN UNION COMPANY;** e*t al.*, | **2:10-cv-574** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **ROYAL PURPLE, INC.;** e*t al.*, | **2:10-cv-575** |

| | |
|---|---|
| **GEOTAG, INC.,**<br><br>v.<br><br>**YAKIRA, L.L.C.;** e*t al.*, | **2:10-cv-587** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**WHERE 2 GET IT, INC.;** e*t al.*, | **2:11-cv-175** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**EYE CARE CENTERS OF AMERICA, INC.;** e*t al.*, | **2:11-cv-404** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**CIRCLE K STORES, INC.;** e*t al.*, | **2:11-cv-405** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**CANON, INC.;** e*t al.*, | **2:12-cv-43** |

## UNOPPOSED MOTION TO INTERVENE BY iCIMS, INC.

iCIMS, Inc. ("iCIMS") provides talent acquisition software solutions to its customers. Included among the solutions iCIMS provides is a job locator functionality that its customers utilize on their websites. While Plaintiff GeoTag, Inc.'s ("GeoTag") claims originally implicated the defendants' use of store locator software, subsequent infringement contentions filed by

GeoTag implicate some of the defendants' use of job locator software, including several iCIMS' customers. After receiving GeoTag's infringement contentions, some of iCIMS' customers requested that iCIMS defend and indemnify them with regard to that portion of the claim that implicates iCIMS' job locator functionality.

By asserting claims against iCIMS' customers regarding iCIMS' job locator functionality, GeoTag has in fact accused iCIMS' product of infringement. And by accusing iCIMS' product of infringement, GeoTag has created a "case or controversy" between iCIMS and GeoTag, and this Court has jurisdiction to resolve that "case or controversy" under 28 U.S.C. §§ 1331, 1338, and 2201.

Pursuant to Fed. R. Civ. P. 24, iCIMS respectfully requests that this Court permit iCIMS to intervene as a defendant in the following cases: 2:10-cv-265, 2:10-cv-570, 2:10-cv-571, 2:10-cv-573, 2:10-cv-574, 2:10-cv-575, 2:10-cv-587, 2:11-cv-175, 2:11-cv-404, 2:11-cv-405, and 2:12-cv-43. iCIMS seeks to file a Complaint in Intervention in the proposed form attached hereto as Exhibit "A". This litigation is in its early stages, and ICIMS' intervention at this time would not impact the schedule or prejudice any party.

I.      BACKGROUND AND PROCEDURAL HISTORY.

GeoTag filed the above-captioned lawsuits against approximately 500 defendants alleging infringement of U.S. Patent No. 5,930,474 (the "474 Patent"). GeoTag's claims pertain to various locator services on defendants' commercial websites. The first such action, <u>GeoTag, Inc. v. Georgio Armani S.P.A.</u>, 2:10-cv-00569, was filed on or about December 17, 2010.

On or about November 21, 2011, GeoTag served its Disclosure of Asserted Claims and Infringement Contentions (the "Infringement Contentions"). The claims charts accompanying the Infringement Contentions purport to identify the accused instrumentality of each defendant.

In January of 2012, iCIMS' customer, Carhartt, Inc., advised iCIMS that its job locator functionality was identified as an accused instrumentality in GeoTag's infringement contentions, and requested that iCIMS defend and indemnify Carhartt with respect to this claim given that Carhartt's job locator functionality is provided by iCIMS. Carhartt's communication was the firm time iCIMS learned that its job locator functionality had been accused of infringing the patent in suit.

To date, at least seven (7) of iCIMS' customers have requested that iCIMS defend and indemnify them in this litigation with respect to GeoTag's claims regarding the use of iCIMS' job locator functionality. The claims asserted by GeoTag against iCIMS' customers are not solely limited to iCIMS' job locator functionality but, rather, also implicate these customers' use of other locator software (such as store locator and product locator software).

On or about April 15, 2012, this Court entered a case management order scheduling, among other things, a Rule 16 Conference for July 11, 2012.

iCIMS files this timely Motion to Intervene so that iCIMS can adequately defend its product and the claims asserted by GeoTag against its customers, and to do so in as efficient and organized a manner as possible.

## II.   LEGAL ARGUMENT.

### A. The Court Should Grant iCIMS Permissive Intervention.

iCIMS' Motion to Intervene is timely, and iCIMS proposes to assert claims and defenses

that share common issues of fact and law with other defendants. Therefore, iCIMS respectfully requests that the Court grant it permissive intervention.

Fed. R. Civ. P. 24 (b) governs permissive intervention, and provides as follows: "On timely motion, the court may permit anyone to intervene who . . .has a claim or defense that shares with the main action a common question of law or fact." The determination of allowing permissive intervention under Rule 24(b) is wholly discretionary even where there is a common question of law or fact. Reid v. General Motors Corp., 240 F.R.D. 257. 259 (E.D. Tex. 2006) (*citing* New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 470-71 (5th Cir.1984)).

In Reid, Judge Folsom granted Microsoft permissive intervention to defend its product in a case where the plaintiffs brought an infringement action against Microsoft's customer (Halliburton) for use of a Microsoft product. Id. at 260. Since Microsoft's proposed pleading sought to assert a claim of noninfringement similar to the noninfringement claim brought by Halliburton regarding the patent in issue, Judge Folsom found that common questions of law and fact existed. Id. Judge Folsom further found that the motion was timely and that no prejudice would result from permitting intervention, even though the motion was filed well after the complaint was filed, because the motion was filed at the same time that substantial revisions to the scheduling order were required.[1] Id.

Reid is directly analogous to this matter and supports iCIMS' request for permissive intervention. As in Reid, GeoTag is suing licensors/end users of locator products for patent infringement. iCIMS, like Microsoft in Reid, is a licensor of one of the products that is the subject of a portion of GeoTag's claims, and therefore has an interest in defending its product

---

[1] Substantial revisions to the scheduling order were required in Reid because the case was transferred from the Honorable T. John Ward to the Honorable David Folsom. Id.

directly. Since one of iCIMS' products/services is an accused instrumentality is this litigation, iCIMS' rights, interests, and obligations may be effected by the outcome of this litigation.

Additionally, iCIMS' proposed pleading seeks to raise claims of invalidity and noninfringement similar to those already raised by other defendants. *Compare e.g.* iCIMS' proposed Complaint in Intervention, attached hereto as Exhibit "A," with Carhartt, Inc.'s Answer and Counterclaim, attached hereto as Exhibit "B." Finally, iCIMS' motion, like Microsoft's motion in Reid, is timely in that iCIMS' Motion was filed soon after discovering that its product was implicated by GeoTag. Significantly, just like in Reid, no prejudice will befall any of the parties if iCIMS is granted intervention because a case management order was recently entered and a schedule has not yet been put in place by the Court. As a result, iCIMS should be granted permissive intervention and granted leave to file its proposed Complaint in Intervention.

### B. In The Alternative, The Court Should Grant Intervention Of Right.

Alternatively, iCIMS respectfully argues that the Court should grant iCIMS intervention as of right.[2]

Fed. R. Civ. P. 24(a) governs intervention of right, and states as follows: "On timely motion, the court must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. A party may intervene as of right if it satisfies four (4) requirements: (1) the application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede

---

[2] Judge Folsom never reached the issue in Reid of whether Microsoft's request for intervention as of right should be granted because Judge Folsom granted Microsoft's request for permissive intervention.

its ability to protect its interest; and (4) the applicant's interests must be inadequately represented by the exiting parties to the suit. Reid v. General Motors Corp., 240 F.R.D. 257. 259 (E.D. Tex. 2006) (*citing* Sierra Club v. Espy, 18 F.3d 1202, 1204-05 (5th Cir. 1994)).

Here, iCIMS satisfies all four requirements. First, as set forth in full above, iCIMS' Motion is timely. Second, iCIMS clearly has an interest related to the property or transaction that is the subject of these matters since GeoTag has claimed that iCIMS' job locator product infringes its patent. Third, any disposition of the issue whether iCIMS' product infringes GeoTag's patent seriously impacts iCIMS. Thus, disposition of this action without iCIMS would impair or impede iCIMS' ability to protect its interests. Fourth, it cannot be assumed that iCIMS' interests will be adequately protected by its customers because its customers neither created nor host the job locator functionality and, therefore, do not possess the knowledge base to adequately defend GeoTag's claims of infringement. Furthermore, iCIMS is the real party in interest with respect to its products and/or services. Accordingly, iCIMS respectfully submits that it satisfies the requirements for, and should be granted, intervention as of right.

### III. CERTIFICATE OF CONFERENCE

iCIMS has conferred directly with plaintiff's counsel, Eric Buether about this motion. Plaintiff is not opposed to iCIMS motion to intervene. Given the large number of defendants, iCIMS' counsel has e mailed defense counsel of record regarding ICIMS motion to intervene. In the e mail, iCIMS asked for response only in the event of opposition. As of the filing of this motion, iCIMS has not received any notification of opposition.

## IV. CONCLUSION

For the reasons set forth above, iCIMS, Inc. respectfully requests that the Court grant its Motion to Intervene and permit iCIMS, Inc. leave to file a Complaint in Intervention, the proposed form of which is attached hereto as Exhibit "A" in accordance with Fed. R. Civ. P. 24.

          Respectfully submitted

          ANDERSON & CUNNINGHAM, P.C.

          /s/ *David K. Anderson*
          _____
          David K. Anderson
          SBT No. 01174100
          SDT No. 7405
          1221 Lamar, Suite 1115
          Houston, Texas 77010
          Telephone: 713-655-8400
          FAX: 713-650-0260
          ATTORNEY-IN-CHARGE FOR DEFENDANT iCIMS, INC.

OF COUNSEL:

ANDERSON & CUNNINGHAM, P.C.

Julie B. Cunningham
SBT No. 05240700
SDT No. 15051
1221 Lamar, Suite 1115
Houston, Texas 77010
Telephone: 713-655-8400
FAX: 713-650-0260

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

Steven A. Haber
Matthew A. Green
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, Pennsylvania 19103-1895
Telephone: 215-665-3000
Fax: 215-665-3165

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument was filed electronically pursuant to Local Rule CV-5(a) and that a copy of this document was served upon all counsel of record pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(b)(1) via the Court's CM/ECF on this 21st day of June, 2012.

                                          /s/  *David K. Anderson*
                                          _____
                                          David K. Anderson