# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **GEOTAG, INC.,** <br><br> v. <br><br> **FRONTIER COMMUNICATIONS CORP.;** *et al.*, | **2:10-cv-265** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **AROMATIQUE, INC.;** *et al.*, | **2:10-cv-570** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **GUCCI AMERICA, INC.;** *et al.*, | **2:10-cv-571** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **RENT-A-CENTER, INC.;** *et al.*, | **2:10-cv-573** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **THE WESTERN UNION COMPANY;** e*t al.*, | **2:10-cv-574** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **ROYAL PURPLE, INC.;** e*t al.*, | **2:10-cv-575** |

| | |
|---|---|
| *GEOTAG, INC.,* <br><br> v. <br><br> *YAKIRA, L.L.C.; et al.,* | *2:10-cv-587* |
| **GEOTAG, INC.,** <br><br> v. <br><br> **WHERE 2 GET IT, INC.;** e*t al.*, | **2:11-cv-175** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **EYE CARE CENTERS OF AMERICA, INC.;** e*t al.*, | **2:11-cv-404** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **CIRCLE K STORES, INC.;** e*t al.*, | **2:11-cv-405** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **CANON, INC.;** e*t al.*, | **2:12-cv-43** |

## iCIMS, INC.'S COMPLAINT IN INTERVENTION

Defendant iCIMS, Inc. ("iCIMS"), by way of Complaint in Intervention against Plaintiff Geotag, Inc. ("Geotag"), hereby alleges as follows:

## NATURE OF TIIE CASE

1. iCIMS seeks a declaratory judgment of non-infringement and/or invalidity of U.S. Patent No. 5,930,474 ("the 474 Patent").

## PARTIES

2. iCIMS is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located in New Jersey.

3. iCIMS is a provider of talent management systems that assist customers in various aspects of the human resources process, including recruiting.

4. According to GeoTag's pleadings, GeoTag is a Delaware corporation with a place of business in Plano, Texas.

## JURISDICTION AND VENUE

5. There is an actual controversy between iCIMS and GeoTag regarding whether iCIMS' job locator functionality infringes the 474 Patent and whether the 474 Patent is valid.

6. This is an action for declaratory relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201.

7. Venue is proper in this judicial district pursuant to Title 28 U.S.C. §§ 1391(b) and (c) because GeoTag has brought suit against iCIMS' customers in this venue regarding iCIMS' job locator functionality.

## FACTS COMMON TO ALL COUNTS

8. Geotag has sued various of iCIMS' customers based, in part, upon the accusation that the job locator functionality provided by iCIMS infringes the 474 Patent.

9. Several iCIMS customers that are named as defendants in these cases have sought indemnification from iCIMS.

10. GeoTag purports to be the record owner of the 474 Patent.

### FIRST CLAIM FOR RELIEF
### (Non-Infringement)

11. iCIMS incorporates paragraphs 1 through 10 above as if fully set forth herein.

12. A case or controversy exists between iCIMS and GeoTag concerning the non-infringement of the 474 Patent, *inter alia,* due to GeoTag's numerous claims targeting the iCIMS job locator functionality.

13. iCIMS is entitled to declaratory judgment that its job locator product/service is not infringing, has not infringed, and that iCIMS and its customers are not liable for infringing any claim of the 474 Patent with respect to the job locator functionality, either directly or by inducing others to infringe or by contributing to infringement by others, either literally or under the doctrine of equivalents.

### SECOND CLAIM FOR RELIEF
### (Invalidity)

14. iCIMS incorporates paragraphs 1 through 13 above as if fully set forth herein.

15. A case or controversy exists between iCIMS and GeoTag regarding the invalidity of the 474 Patent.

16. The claims of the 474 Patent are invalid for failure to meet the requirements of 35 U.S.C. §§ 1 *et seq.*, including sections 101, 102, 103, and 112.

### REQUEST FOR RELIEF

WHEREFORE, iCIMS seeks judgment awarding it the following relief:

    a) That every claim of U.S. Patent No. 5,930,474 be declared invalid;

b) That neither iCIMS nor its customers infringe any valid claim of the '474 Patent;

c) That the Court finds this an exceptional case and that iCIMS be awarded its attorneys' fees, costs, and expenses incurred in connection with this action; and

d) That the Court award such other and further relief as the Court deems just.

**JURY DEMAND**

iCIMS hereby demands a trial by jury.

Respectfully submitted

ANDERSON & CUNNINGHAM, P.C.

/s/ *David K. Anderson*
_____
David K. Anderson
SBT No. 01174100
SDT No. 7405
1221 Lamar, Suite 1115
Houston, Texas 77010
Telephone: 713-655-8400
FAX: 713-650-0260
ATTORNEY-IN-CHARGE FOR DEFENDANT
iCIMS, INC.

OF COUNSEL:

ANDERSON & CUNNINGHAM, P.C.

Julie B. Cunningham
SBT No. 05240700
SDT No. 15051
1221 Lamar, Suite 1115
Houston, Texas 77010
Telephone: 713-655-8400
FAX: 713-650-0260

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

Steven A. Haber
Matthew A. Green
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, Pennsylvania 19103-1895
Telephone: 215-665-3000
Fax: 215-665-3165

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument was filed electronically pursuant to Local Rule CV-5(a) and that a copy of this document was served upon all counsel of record pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(b)(1) via the Court's CM/ECF on this 26th day of June, 2012.

                                            /s/   *David K. Anderson*
                                          _____
                                          David K. Anderson