# EXHIBIT A

**PLAINTIFF GEOTAG, INC.'S PROPOSED CASE MANAGEMENT**

Plaintiff GeoTag, Inc. ("GeoTag") submits the following case management plan to govern the GeoTag Texas litigation.

GeoTag proposes a case management plan that incorporates procedures identified by Judge Davis as potentially helpful to resolving patent infringement claims asserted against a large number of defendants efficiently while ensuring that GeoTag is not prejudiced by an unjustified *de facto* stay of its claims pending an unspecified dispositive motion to be filed by the defendants.

At the outset, GeoTag proposes that a single docket control order with the deadlines set forth in the Court's proposed docket control order should govern all of the GeoTag Texas litigation through the pretrial conference stage, except as otherwise provided in GeoTag's proposed case management plan. If this is not done, and separate docket control orders are entered in these cases, then many of the advantages of consolidating the pre-trial proceedings will be lost.

GeoTag's claims against the Defendants can be efficiently disposed of by organizing the Defendants into groups for pretrial and trial purposes. The vast majority of the Defendants are brick and mortar retail operations with a companion website operation that provides either a store locator service, a job locator service, or both. Many of these brick and mortar retail defendants use technology provided by certain technology providers to implement various aspects of their store locator services and job locator services, such as Microsoft, Google, Where2GetIt, Know Where Systems, Xionetic, Taleo, and iCIMS. Some of these technology providers assert they are indemnifying

1

their customers. Consequently, a large number of Defendants are represented by the same law firms.

Thus, the brick and mortar retail Defendants can be organized into groups of Defendants using the same or substantially the same technology to implement their accused store locator and job locator services. Given that the Defendants in each group are similarly situated because they use the same or similar technology to implement some aspects of their accused services, GeoTag's claims against these Defendants should be litigated together. The fact that many of these defendants are represented by the same counsel further enhances the efficiency of grouping these Defendants in this manner.

In addition, given that technology providers such as Microsoft, Google and Where2GetIt allege that GeoTag's infringement claims against their customers have "placed a cloud" over their location-oriented services and assert that they desire an expedited resolution of these claims, GeoTag's proposal gives priority the litigation of GeoTag's claims against the customers of these companies and other technology providers who seek a prompt judicial resolution of the claims asserted against their customers. Indeed, it would be hypocritical for Microsoft, Google and Where2GetIt and their customers whose defense they control to oppose a case management plan that enables them to obtain the expeditious resolution of GeoTag's claims they have the Courts they desperately want.

Thus, GeoTag's proposed case management plan provides for the identification of Defendants whose accused services are being hosted by Microsoft, Google, Where2GetIt, Taleo, Know-Where Systems or Xionetic or those who are being indemnified in whole or in part in connection with any of the Defendant's accused services. These Defendants are

referred to as "Hosted or Indemnified Defendants." GeoTag's proposed case management plan also provides for the prompt production of relevant source code by the Hosted or Indemnified Defendants or their technology providers, and the service of amended infringement contentions by GeoTag incorporating any facts disclosed in the source code materials produced by or on behalf of the Hosted or Indemnified Defendants. This will enable the parties to assess promptly the precise factual basis underlying GeoTag's infringement claims against these Defendants.

As the GeoTag Texas litigation approaches the pretrial conference stage, the parties can report to the Court the status of the litigation and their proposals regarding the appropriate parties and issues that should be involved in the first trial. The Court can select the appropriate similarly situated Defendants for a trial. GeoTag proposes that the first trial should involve a set of selected Defendants who are among the Hosted or Indemnified Defendants and use the same or similar technology to implement aspects of their accused services. This will allow GeoTag to proceed with a trial on its claims against an appropriate number of similarly situated Defendants that would enhance efficiency and juror comprehension and provide a "bellwether" result for remaining similarly situated Defendants.

With respect to the Store Locator/Job Locator Defendants that are not Hosted or Indemnified Defendants, GeoTag's proposed case management plan provides for limited disclosure of information (e.g. Initial Disclosures, summary financial data and settlement agreements) during the initial stages of the litigation. These Defendants are to produce source code for GeoTag's review of that code and amendment of its infringement contentions regarding these Defendants on a rolling basis after January 15, 2013. This

will facilitate informal resolution of GeoTag's claims with respect to many Defendants without the need for full-blown discovery. The deadlines in the attached Docket Control Order occurring after the claim construction hearing shall not apply to these Defendants and the Plaintiff with respect to those Defendants. If any of these Defendants desire to participate in the litigation on the same basis as the Hosted or Indemnified Defendants, then the Defendant can elect to do so during the initial stage of the litigation.

With respect to the Defendants in the Online Actions, GeoTag's claims against them can continue to proceed as they have been but subject to the new, comprehensive docket control order. These defendants can be scheduled for joint or separate trials as the Court deems appropriate at a later date.

Judge Davis' orders dealing with multi-defendant cases emphasize that early mandatory mediation has been an effective tool for facilitating the inexpensive and fair resolution of claims in multi-defendant cases such as this. *See Wordcheck Tech, LLC v. Alt-N Techs., Ltd., et al.*, Civil Action No. 6:10-CV-457, Dkt. No. 525 (E.D. Tex. July 20, 2011) ("the early mediation appears to have been successful because many of the original 124 defendants have now been eliminated from the case.") GeoTag's proposed case management plan provides for GeoTag and all Defendants in all GeoTag Texas litigation, with the exception of Non-Hosted and Non-Indemnified Defendants to complete mandatory mediation no later than sixty (60) days after Plaintiff has served amended infringement contentions following review of Source Code Materials with respect to such Defendants. GeoTag believes that, given the number of Defendants in this litigation, the appointment of multiple mediators may be necessary to enable the parties to complete the mediation process in a timely and meaningful manner.

The Defendants' case management proposal is a thinly disguised stay of all discovery in this case pending the filing at some date in the future of an unspecified dispositive motion. The Defendants proposal only provides for the "voluntary" disclosure of source code by Defendants and for no other discovery of or disclosures by the Defendants. The Defendants have not provided any description of what dispositive motions it intends to file or the grounds for such motions that would justify such a massive deprivation of GeoTag's discovery rights.

Judge Davis rejected a similar proposal in *Wordcheck*. There, several defendants requested a "mini-*Markman*" hearing. Judge Davis rejected the request, pointing out that "[t]he Court will not grant a mini-*Markman* unless a party can demonstrate that construction of a very narrow set of terms could resolve the case as to most, if not all, parties." *Id*. at 3. In this litigation, the Defendants have not made any showing that they have grounds for filing a dispositive motion that could have such a case-dispositive effect. Indeed, when GeoTag's counsel requested an identification of any case dispositive claim term issues underlying the Defendants' proposal, Defendants' counsel refused to respond.

Other Texas courts also have rejected motions to stay pending a dispositive motion. These courts have pointed out that a federal district court has discretion to stay discovery **only** "for good cause shown." *Von Drake v. NBC*, 2004 U.S. Dist. LEXIS 25090, 2004 WL 1144142 at *1 (N.D. Tex. May 20, 2004), citing Fed. R. Civ. P. 26(c). While discovery may be stayed pending the outcome of a motion **already filed and pending**, "the issuance of [a] stay is by no means automatic." *Id*., quoting *Spencer Trask Software and Information Services, LLC v. RPost International Limited*, 206 F.R.D. 367,

5

368 (S.D.N.Y. 2002). In fact, such a stay is the exception rather than the rule. *i2 Techs. US, Inc. v. Lanell*, 2002 U.S. Dist. LEXIS 12067, at 1 (N.D. Tex. May 6, 2002). As one court observed, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). In this case, the Defendants have not filed a motion that could conceivably justify a stay of discovery, but they have not even described the potential basis for a case-dispositive motion to justify a stay of discovery.

Moreover, Defendants' proposal is impossible to reconcile with their previous proposal to the Court providing for Defendants to serve Initial Disclosures, invalidity contentions and engage in general discovery. GeoTag complied with its previous commitment pursuant to this proposal to serve its infringement contentions regarding **all** Defendants in the GeoTag litigation at that time on November 21, 2011.

Thus, GeoTag submits that its proposed case management plan is sensible, fair and will facilitate the efficient resolution of the claims in this complex case. The specifics of this plan are set forth in the attached Exhibit 1.

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **GEOTAG, INC.,** <br><br> v. <br><br> **FRONTIER COMMUNICATIONS CORP.;** *et al.*, | **2:10-cv-265** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **YELLOWPAGES.com LLC** | **2:10-cv-272** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **GEORGIO ARMANI S.P.A.;** *et al.*, | **2:10-cv-569** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **AROMATIQUE, INC.;** *et al.*, | **2:10-cv-570** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **GUCCI AMERICA, INC.;** *et al.*, | **2:10-cv-571** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **STARBUCKS CORP.;** *et al.*, | **2:10-cv-572** |

1

| | |
|---|---|
| **GEOTAG, INC.,** <br><br> v. <br><br> **RENT-A-CENTER, INC.;** e*t al.*, | **2:10-cv-573** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **THE WESTERN UNION COMPANY;** e*t al.*, | **2:10-cv-574** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **ROYAL PURPLE, INC.;** e*t al.*, | **2:10-cv-575** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **YAKIRA, L.L.C.;** e*t al.*, | **2:10-cv-587** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **WHERE 2 GET IT, INC.;** e*t al.*, | **2:11-cv-175** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **ZOOSK, INC.** | **2:11-cv-403** |

| | |
|---|---|
| **GEOTAG, INC.,**<br><br>v.<br><br>**EYE CARE CENTERS OF AMERICA, INC.;** e*t al.*, | **2:11-cv-404** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**CIRCLE K STORES, INC.;** e*t al.*, | **2:11-cv-405** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**AMERCO;** e*t al.*, | **2:11-cv-421** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**7-ELEVEN, INC.;** e*t al.*, | **2:11-cv-424** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**SUNBELT RENTALS, INC.** | **2:11-cv-425** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**CLASSIFIED VENTURES, LLC** | **2:11-cv-426** |

3

| GEOTAG, INC., | |
|---|---|
| v. | 2:12-cv-43 |
| CANON, INC.; et *al.*, | |

CASE MANAGEMENT ORDER

The Court held a scheduling conference in these actions on July 11, 2012. The Court enters the following Case Management Order governing the above-entitled actions.

1. The actions described above shall be referred to herein as the "GeoTag Actions."

2. The attached Docket Control Order shall apply to all of the GeoTag Actions, except as provided below. Any docket control orders previously entered in any GeoTag Actions are hereby vacated.

3. Within twenty-one (21) days of the date of this Order all parties in the GeoTag Actions shall serve Initial Disclosures. Each Store Locator/Job Locator Defendant in the GeoTag Actions shall include in such Initial Disclosures the following additional information:

(a) the identification of any person who has hosted, created, supplied, or otherwise provided the technology underlying each Accused Instrumentality identified in GeoTag's Infringement Contentions and the technology provided by such person;

(b) whether the Store Locator Defendant has demanded indemnification from any technology provider in connection with GeoTag's Infringement Contentions and if any person has agreed to provide indemnification of the Store Locator Defendant with respect to any of those Infringement Contentions;

4

(c) If any source code relevant to any Store Locator Defendant's Accused Instrumentalities is not in the possession, custody or control of the Defendant, the identification of each person who is in possession, custody or control of such source code.

4. Any Store Locator/Job Locator Defendant in the GeoTag Actions whose Accused Instrumentalities are identified as being hosted by Microsoft, Google, Where2GetIt, Know-Where Systems, Xionetic, Taleo, iCIMS, or has identified any of these companies as indemnifying the Defendant in connection with any of the Defendant's Accused Instrumentalities ("Hosted or Indemnified Defendants") shall, subject to protective order, make source code and documents describing the functionality of source code relevant to any of its Accused Instrumentalities ("Source Code Materials") available to Plaintiff for inspection within 60 days of the entry of the Case Management Plan.

5. Plaintiff shall serve amended infringement contentions with respect to a Hosted or Indemnified Defendant to incorporate any facts disclosed in the Source Code Materials produced by that Defendant within ninety (90) days of the date the Hosted or Indemnified Defendant makes its Source Code Materials available to Plaintiff for inspection and review. Plaintiff may request leave to extend this deadline upon showing good cause (e.g., the number of Defendants choosing early disclosure of source code, the volume of source code to review, the conditions or limitations affecting Plaintiff's review of the source code or production of printed pages of source code, the completeness of the disclosure, or the number of corresponding cites to incorporate in to the P.R. 3-1(c) chart).

5

6. The Store Locator/Job Locator Defendants who are not Hosted or Indemnified Defendants ("Non-Hosted or Non-Indemnified Defendants") shall, subject to protective order, make their Source Code Materials available to Plaintiff for inspection on a rolling basis, with at least twenty-five (25) Non-Hosted or Non-Indemnified Defendants making their Source Code Materials available by January 15, 2013, and at least 25 additional Non-Hosted or Non-Indemnified Defendants making their Source Code Materials available each month thereafter until all Non-Hosted or Non-Indemnified Defendants have made their Source Code Materials available to Plaintiff for inspection.

7. Plaintiff shall serve amended infringement contentions with respect to a Non-Hosted or Indemnified Defendant to incorporate any facts disclosed in the Source Code Materials produced by that Defendant within ninety (90) days of the date the Non-Hosted or Indemnified Defendant makes its Source Code Materials available to Plaintiff for inspection and review. Plaintiff may request leave to extend this deadline depending on the source code disclosure upon showing good cause (e.g., the number of Defendants choosing early disclosure of source code, the volume of source code to review, the conditions or limitations affecting Plaintiff's review of the source code or production of printed pages of source code, or the number of corresponding cites to incorporate in to the P.R. 3-1(c) chart).

8. The deadlines in the attached Docket Control Order occurring after the claim construction hearing shall not apply to the Non-Hosted or Non-Indemnified Defendants and the Plaintiff with respect to those Defendants.

9. The Court appoints James Knowles as the initial mediator in the GeoTag Actions.

10. Plaintiff and all Defendants in all GeoTag Actions, with the exception of Non-Hosted and Non-Indemnified Defendants shall complete mandatory mediation no later than sixty (60) days after Plaintiff has served amended infringement contentions following review of Source Code Materials with respect to such Defendants.

11. Plaintiff and all Non-Hosted and Non-Indemnified Defendants shall complete mandatory mediation no later than sixty (60) days after Plaintiff has served amended infringement contentions following review of Source Code Materials with respect to such Defendants.

12. All Store Locator/Job Locator Defendants in the GeoTag Actions shall provide disclosures regarding sales and financial data relating to the Accused Instrumentalities (such as e.g., the amount of in-store and on-line sales, statistics relating to the use of any Accused Instrumentality, and any revenue or cost savings derived from the use of any Accused Instrumentality) within sixty (60) days of the entry of the Case Management Plan.

13. Plaintiff will produce, subject to protective order, settlement agreements relating to the `474 patent and discoverable documents relating to the prior litigation involving the `474 patent (including any briefs relating to claim construction issues) within sixty (60) days of the entry of the Case Management Plan.

14. Online Defendants and Hosted or Indemnified Defendants shall be subject to normal discovery proceedings pursuant to the Federal Rules of Civil Procedure and the Court's Discovery Order.  Except as provided herein, all discovery relating to Non-Hosted and Non-Indemnified Defendants shall be stayed.

15. Any Non-Hosted and Non-Indemnified Defendants may produce Source Code Materials relevant to its Accused Instrumentalities at any time. Plaintiff shall serve amended infringement contentions with respect to any such Defendant's Accused Instrumentalities within ninety (90) days of the date the Defendant makes its Source Code Materials relevant to those instrumentalities available to Plaintiff for inspection and review.

16. If a party seeks expedited construction of any claim term, the party shall file a three-page letter brief with the court describing the claim construction issue and explaining why expedited consideration of the issue would be in the interests of justice and serve to streamline the litigation. The court will then evaluate how to proceed.

17. Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief in each of those matters shall be no longer than five (5) pages and shall be filed with the Court no later than sixty (60) days before the deadline for filing summary judgment motions. Answering letter briefs in each of those matters shall be no longer than five (5) pages and filed with the Court no later than fourteen (14) days thereafter. Reply briefs in each of those matters shall be no longer than three (3) pages and filed with the Court no later than five (5) days thereafter. The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted.

19. If a Non-Hosted and Non-Indemnified Defendant intends to file or join in any dispositive motion practice relating to whether any Accused Instrumentality infringe the patent-in-suit, such Defendant shall give notice of such intention no less than four (4)

months prior to initiating or joining in such dispositive motion practice. Upon giving such notice, such Defendant shall be treated the same as a "Hosted or Indemnified Defendant" for purposes of discovery, and make their Source Code Materials available to Plaintiff for inspection no later than ten (10) days after providing such notice.

20. The Court will decide at a later date which specific Defendant or Defendants shall participate in the trial scheduled for October 7, 2013.

13. Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Scheduling Conference.

14. Certify that all parties have filed Disclosure of Interested Persons as directed in paragraph 3 in the **Order to Meet, Report, and Appear at Scheduling Conference**, listing the date of the original and any amendments.

15. Proposed Dates for Scheduling. Please review the proposed deadlines for many of the pretrial events (listed below) that will be scheduled for this case. Both the events and the proposed dates are intended to give the parties guidance in (1) formulating answers to the other parts of this questionnaire and (2) scheduling the events preceding the trial. The Scheduling and Discovery Order that will be entered at the Scheduling Conference will necessarily be more specific, more detailed, and contain additional matters and discovery limitations. The Court's suggested dates and events may be appropriate for this case. If not, please propose suggested modifications that the parties believe are suited for this lawsuit.

   **THE PARTIES SHOULD REVIEW THE COURT'S SAMPLE SCHEDULING AND DISCOVERY ORDER FOR FURTHER DESCRIPTION OF THE COURT'S DEADLINES AND EXPECTATIONS. THE FORM IS AVAILABLE ON THE COURT'S WEBSITE.**

**As indicated below by asterisks, some dates and events are "firm" and are not to be changed due to limited judicial resources and the Court's calendar.**

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PARTIES' PROPOSED DATES |
|---|---|---|
| Rule 26(f) meeting* | June 20, 2012 | |
| File case management plan* | June 27, 2012 | |
| Deadline to serve Disclosure of Asserted Claims and Infringement Contentions (P.R. 3-1 and 3-2) | June 27, 2012 | |
| Rule 16(b) scheduling conference* | July 11, 2012 at 10:00 a.m. in TYLER, TX | |

| | | |
|---|---|---|
| Deadline to serve initial disclosures (other than damages) | August 10, 2012 | |
| Deadline to serve invalidity contentions (P.R. 3-3 and 3-4) | August 10, 2012 | |
| Deadline to add additional parties | August 10, 2012 | |
| Deadline to amend pleadings | August 10, 2012 | |
| Deadline to exchange proposed terms for construction (P.R. 4-1) | August 24, 2012 | |
| Deadline to file motions to dismiss | September 10, 2012 | |
| Deadline to exchange privilege logs | September 10, 2012 | |
| Deadline to exchange preliminary claim construction and extrinsic evidence (P.R. 4-2) | September 17, 2012 | |
| Deadline to file Joint Claim Construction and Prehearing Statement (P.R. 4-3) | October 11, 2012 | |
| Deadline to submit **required** tutorial | October 11, 2012 | |
| Deadline to file agreed list of proposed technical advisors (limit three) | October 11, 2012 | |
| Claim Construction Prehearing Conference | October 18, 2012 | |
| Discovery deadline—claim construction | November 12, 2012 | |
| Deadline to file opening claim construction brief (P.R. 4-5(a)) | November 28, 2012 | |
| Deadline to file response to claim construction brief (P.R. 4-5(b)) | December 11, 2012 | |
| Deadline to file motion for summary judgment of indefiniteness | December 11, 2012 | |
| Deadline to file reply to claim construction brief (P.R. 4-5(c)) | December 18, 2012 | |

| | | |
|---|---|---|
| Deadline to file response to motion for summary judgment of indefiniteness | December 18, 2012 | |
| Deadline to file reply to motion for summary judgment of indefiniteness | January 4, 2013 | |
| Deadline to file claim construction chart (P.R. 4-5(d)) | January 4, 2013 | |
| Claim construction hearing (i.e. *Markman* hearing) (P.R. 4-6) | January 24, 2013 | |
| Deadline to serve damages disclosures | February 12, 2013 | |
| Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof | February 26, 2013 | |
| Deadline to disclose willfulness opinions (P.R. 3-7) | March 11, 2013 | |
| Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof | March 25, 2013 | |
| Deadline to notify Court of mediator | April 11, 2013 | |
| Discovery deadline | April 25, 2013 | |
| Deadline to complete **required** mediation | May 2, 2013 | |
| Deadline for dispositive motions (including *Daubert* motions) | June 11, 2013 | |
| Deadline for parties to exchange pretrial disclosures | July 11, 2013 | |
| Deadline to notify Court of daily transcript or realtime request | July 11, 2013 | |
| Deadline for parties to exchange objections to pretrial disclosures | July 25, 2013 | |
| Deadline for parties to meet and confer on objections | August 1, 2013 | |

| Deadline to file pretrial materials | September 6, 2013 | |
|---|---|---|
| Deadline for parties to exchange exhibits | | |
| **Pretrial conference and trial setting*** | **October 7, 2013 at 9:00 am in TYLER, TEXAS** | |

*Signature of Counsel and Date:*