# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **GEOTAG, INC.,** <br><br> v. <br><br> **FRONTIER COMMUNICATIONS CORP.,** et *al.*, | **2:10-cv-265** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **YELLOWPAGES.com LLC** | **2:10-cv-272** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **GEORGIO ARMANI S.P.A.,** et *al.*, | **2:10-cv-569** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **AROMATIQUE, INC.,** et *al.*, | **2:10-cv-570** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **GUCCI AMERICA, INC.,** et *al.*, | **2:10-cv-571** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **STARBUCKS CORP.,** et *al.*, | **2:10-cv-572** |

| | |
|---|---|
| **GEOTAG, INC.,**<br><br>v.<br><br>**RENT-A-CENTER, INC.,** et *al.*, | **2:10-cv-573** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**THE WESTERN UNION COMPANY,** e*t al.*, | **2:10-cv-574** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**ROYAL PURPLE, INC.,** e*t al.*, | **2:10-cv-575** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**YAKIRA, L.L.C.,** e*t al.*, | **2:10-cv-587** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**WHERE 2 GET IT, INC.,** e*t al.*, | **2:11-cv-175** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**ZOOSK, INC.** | **2:11-cv-403** |

| | |
|---|---|
| **GEOTAG, INC.,**<br><br>v.<br><br>**EYE CARE CENTERS OF AMERICA, INC.,** e*t al.*, | **2:11-cv-404** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**CIRCLE K STORES, INC.,** e*t al.*, | **2:11-cv-405** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**AMERCO,** e*t al.*, | **2:11-cv-421** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**7-ELEVEN, INC.,** e*t al.*, | **2:11-cv-424** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**SUNBELT RENTALS, INC.** | **2:11-cv-425** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**CLASSIFIED VENTURES, LLC** | **2:11-cv-426** |

**DEFENDANTS' CASE MANAGEMENT PLAN**

Given the unmanageable size of the above-captioned Actions, two large providers of online locator services, Microsoft Corp. ("Microsoft") and Google Inc. ("Google") filed declaratory judgment actions in Delaware in an effort to protect their customers and remove the specter of litigation from the locator services they provide. *See* Microsoft Corp. v. GeoTag, Inc., Case No. 1:11-cv-175 (D. Del) ( "Declaratory Judgment Action").

Because a substantial majority of the Locator Action Defendants are customers of Microsoft and Google, many of the Locator Action Defendants have previously requested that the Court stay the above-captioned actions in favor of the Declaratory Judgment Actions. Movants argued that Microsoft and Google, as the hosts of the accused locator technology, are the real parties in interest in the dispute. Indeed, as recognized by GeoTag in its own filings, Microsoft and Google have a strong interest in removing the "cloud on [their] mapping services" in an effort to protect hundreds of their customer Defendants in the Locator Actions, and thousands of other customers who use the accused technology in essentially the same way as the named Defendants. (*See GeoTag v. Aromatique*, Case No. 2:10-cv-570, Dkt. No. 358 (Plaintiff's Motion for Entry of Case Management Plan and Docket Control Order) at 5). A stay of the Locator Actions allows these issues to be resolved by the real parties in interest—GeoTag, Microsoft, and Google. Moreover, a summary judgment or jury verdict in favor of Microsoft or Google in Delaware on invalidity issues will moot GeoTag's claims against every Defendant in the Texas Actions. Likewise, given the substantial commonality among the non-infringement defenses of Microsoft and Google and their respective customers, a summary judgment or jury verdict in favor of Microsoft and/or Google would substantially streamline the Texas Actions.

If the stay requested in the Locator Actions is not granted, all of the Defendants, including the Locator Action Defendants, request that the Court enter a Case Management Plan

for expedited consideration of case dispositive summary judgment motions (including the resolution of limited claim construction issues) in accordance with this District's recent actions in very large multi-defendant cases. *See Parallel Networks LLC v. Abercrombie & Fitch Co., et al.*, Case No. 6:10-cv-111, Dkt. No. 338 (E.D. Tex. Mar. 25, 2011); *Uniloc USA, Inc., et al. v. Sony Corp. of Am., et al.*, Case No. 6:10-cv-373, Dkt. No. 126 (E.D. Tex. May 20, 2011); and *Wordcheck Tech, LLC v. Alt-N Techs., Ltd., et al.*, Civil Action No. 6:10-cv-457, Dkt. No. 525 (E.D. Tex. July 20, 2011).

As set forth in more detail below, Defendants' Plan requests for the above-captioned Actions that the Court consider expedited summary judgment motions (including the resolution of limited claim construction issues) that Defendants believe to be case dispositive. Such expedited summary judgment motions would be filed by Defendants following a voluntary disclosure of Source Code and/or other limited technical data, and Plaintiff's supplementation of its infringement contentions with specific references to such Source Code and technical data. By way of example, Defendants have already identified a limited number of fundamental disagreements regarding the scope of the Patent-in-Suit. These disagreements include, at the very least, the scope of the following claim terms: "dynamic replication," "entries . . . further organized into topics," and "database organized into a hierarchy of geographic areas." As such, a ruling on at least these issues raised by Defendants' expedited summary judgment motions will either resolve GeoTag's claims against Defendants (or a substantial subset thereof) or allow the Parties (or a substantial subset thereof) to mediate GeoTag's claims more effectively. In any event, Defendants request that disclosures (or further disclosures for some actions) under Federal Rules of Civil Procedure 16 and 26 and Local Patent Rules 3-3 and 3-4 be deferred until after the expedited summary judgment motions have been fully briefed and the Court has had a chance to

consider and rule on them and that all discovery that is not germane to briefing the dispositive motions, unless provided for below, be similarly stayed pending the Court's resolution of such motions.

As the Court is well aware the America Invents Act (the "AIA") became effective on September 16, 2011. Nearly one-hundred defendants were joined to later filed actions (namely, Case Nos. 2:11-cv-404 and 2:11-cv-405) after the effective date of the AIA. This post-AIA joinder violates the statutory provisions of the AIA as set forth in Defendants' Motion to Dismiss for Improper Joinder. (*See* Case No. 2:11-cv-405, Dkt. No. 33). Accordingly, the Locator Action Defendants submit that all defendants joined to these actions post-AIA should be dismissed without prejudice.

In addition, many of the Defendants in the earlier-filed, above-captioned actions were joined to these actions prior to the AIA effective date. In particular, the Defendants in Case Nos. 2:10-cv-569 through 2:10-cv-575, 2:10-cv-587, and 2:11-cv-175 were joined pre-AIA. Recent Federal Circuit precedent suggests that GeoTag's joinder of multiple defendants in its pre-AIA cases was also improper. *See In re EMC Corp.*, 2012 WL 1563920 (Fed. Cir. May 4, 2012). The Defendants in these pre-AIA cases, however, have agreed to refrain from moving to dismiss in furtherance of their priority to find the most expeditious and least burdensome way to resolve these cases, which, as noted above, is either (1) a stay of the Locator Actions pending the outcome of the Delaware cases, or (2) allowance of expedited summary judgment proceedings in accordance with Case Management Plan below.

A Proposed Order setting forth Defendants' Plan is attached hereto for the Court's convenience.

## CASE MANAGEMENT PLAN

Defendants believe that the consideration of a limited number of issues on summary judgment will likely dispose of these actions on an expedited basis. Based on discussions between the Parties, it appears as if the Parties have fundamental disagreements regarding the scope of the asserted Patent-in-Suit and its applicability to the accused products. These fundamental disagreements can likely be resolved through Plaintiff providing more detailed infringement contentions that incorporate references to Source Code and technical documents, shortly followed by expedited summary judgment motion practice. Resolution of these issues will likely either (i) resolve Plaintiff's claims quickly before the Parties are forced to engage in expensive discovery, or (ii) allow Defendants to more accurately weigh the costs of a protracted dispute against Plaintiff's settlement demands.

As such, Defendants request that the Court enter a Case Management Plan according to the following schedule:

**(1)** **August 3, 2012**: To the extent that third-party Source Code is implicated in the accused features, Defendants may voluntarily inform Plaintiff of the third-party in possession of such source code.

**(2)** **August 17, 2012**: Deadline for Plaintiff to issue third-party subpoenas requesting the production of Source Code only from third-parties in possession of such Source Code identified above. In the event Plaintiff fails to issue a subpoena to an identified third-party, a Defendant relying on that third-party source code may nonetheless move for expedited summary judgment in accordance with the procedures below.

**(3)** **August 17, 2012 to November 5, 2012**:

    a. Rolling production for Defendants to voluntarily produce Source Code and/or related technical documents (if any) in their possession to Plaintiff.[1] The production of Source Code shall be governed by the provisions set

---

[1] Although early production of Source Code and technical documents is voluntary, Plaintiff would reserve its right to respond to any summary judgment motion pursuant to Federal Rule of Civil Procedure 56(d) for those Defendants who do not make an early production. Such Defendants, however, are not precluded from filing early motions regarding summary judgment issues as set forth below.

        forth in Defendants' Proposed Protective Order.[2] All other productions shall be governed by the protections of Local Patent Rule 2-2.

    b. Plaintiff produces all settlement/license agreements pertaining to the asserted patent and prior litigation documents (including *Markman* briefs, Local Patent Rule 4 disclosures, prior art, dispositive motion briefing (with exhibits), expert reports, and inventor depositions) related to Plaintiff's interpretation of the scope of the asserted claims.

    c. Plaintiff is granted leave to amend infringement contentions as to those products accused of infringement to include references to Source Code and/or technical documents produced by Defendants. Plaintiff shall amend its infringement contentions as to a specific Defendant within fourteen (14) days after receipt of Source Code and/or technical documents by a Defendant (or identified third-party).

**(4)** **November 19, 2012**: Final deadline for Plaintiff to update its infringement contentions with references to Source Code and/or technical documents.

**(5)** **December 3, 2012**: Start of period for Defendants to file early motions regarding summary judgment issues (including limited claim construction issues) for consideration on an expedited basis begins. Page limitations and response deadlines shall be governed by Local Rule CV 7.

**(6)** **March 2013**: Hearing on summary judgment motions (as allowed by Court schedule).

**(7)** **TBD - 30 Days Following Court Order on Above Motions** (if necessary):

    a. Locator Action Parties serve Initial Disclosures pursuant to Federal Rule of Civil Procedure 26.

    b. Defendants serve Local Patent Rule 3-3 and 3-4 disclosures. Defendants produce limited damages disclosures, if available (*e.g.*, Webmetrics related to the accused functionality, revenue data regarding on-line versus in-store sales, data related to the ability of the accused functionality to drive in-store sales).

    c. Parties submit agreed Docket Control Order (or competing proposals) governing *Markman*, pre-trial, and trial deadlines.

---

[2] Any third-party producing Source Code pursuant to a third-party subpoena may avail itself of the Source Code provisions set forth in Defendants' Proposed Protective Order. Such parties may also object and/or respond to a third-party subpoena in any manner allowed under the Federal Rules of Civil Procedure or the Local Rules.

 **(8)**   **TBD – 60 Days Following Court Order on Above Motions** (if necessary):

  a. Voluntary First Mediation Deadline: The Parties request that the Court appoint James Knowles as a mediator for these actions.

  b. Discovery in the these Actions will take place in accordance with the Federal Rules of Civil Procedure and the Local Patent Rules after mediation. The Parties may serve discovery requests prior to mediation, but responses are not due until mediation is complete.

 **(9)**   **TBD** (if necessary): *Markman* hearing.

 **(10)**   **March 3, 2014** (if necessary): Trial setting.[3]

---

[3] Defendants respectfully submit that trial in the above-captioned Texas Actions should occur following trial of the Delaware Declaratory Judgment Actions, which is currently set for December 9, 2013. As previously set forth, a jury verdict in favor of Microsoft or Google in Delaware on invalidity issues will moot GeoTag's claims against every Defendant in the Texas Actions. Likewise, given the substantial commonality among the non-infringement defenses of Microsoft and Google and their respective customers, a jury verdict in favor of Microsoft and/or Google would substantially streamline the Texas Actions.

In the event that trial is necessary, Defendants also respectfully submit that—due to the large number of Defendants in these the multi-defendant actions—trial groupings in those actions will likely need to be established by the Court. Defendants reserve the right to present proper trial groupings to the Court in advance of any pre-trial conference in the above-captioned actions.

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **GEOTAG, INC.,** <br><br> v. <br><br> **FRONTIER COMMUNICATIONS CORP.,** e*t al.*, | **2:10-cv-265** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **YELLOWPAGES.com LLC** | **2:10-cv-272** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **GEORGIO ARMANI S.P.A.,** *et al.*, | **2:10-cv-569** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **AROMATIQUE, INC.,** *et al.*, | **2:10-cv-570** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **GUCCI AMERICA, INC.,** *et al.*, | **2:10-cv-571** |
| **GEOTAG, INC.,** <br><br> v. <br><br> **STARBUCKS CORP.,** *et al.*, | **2:10-cv-572** |

| | |
|---|---|
| **GEOTAG, INC.,**<br><br>v.<br><br>**RENT-A-CENTER, INC.,** *et al.*, | **2:10-cv-573** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**THE WESTERN UNION COMPANY,** e*t al.*, | **2:10-cv-574** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**ROYAL PURPLE, INC.,** e*t al.*, | **2:10-cv-575** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**YAKIRA, L.L.C.,** e*t al.*, | **2:10-cv-587** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**WHERE 2 GET IT, INC.,** e*t al.*, | **2:11-cv-175** |
| **GEOTAG, INC.,**<br><br>v.<br><br>**ZOOSK, INC.** | **2:11-cv-403** |

| | |
|---|---|
| **GEOTAG, INC.,** <br><br> **v.** <br><br> **EYE CARE CENTERS OF AMERICA, INC.,** e*t al.*, | **2:11-cv-404** |
| **GEOTAG, INC.,** <br><br> **v.** <br><br> **CIRCLE K STORES, INC.,** e*t al.*, | **2:11-cv-405** |
| **GEOTAG, INC.,** <br><br> **v.** <br><br> **AMERCO,** e*t al.*, | **2:11-cv-421** |
| **GEOTAG, INC.,** <br><br> **v.** <br><br> **7-ELEVEN, INC.,** e*t al.*, | **2:11-cv-424** |
| **GEOTAG, INC.,** <br><br> **v.** <br><br> **SUNBELT RENTALS, INC.** | **2:11-cv-425** |
| **GEOTAG, INC.,** <br><br> **v.** <br><br> **CLASSIFIED VENTURES, LLC** | **2:11-cv-426** |

## [PROPOSED] ORDER

After reviewing Defendants' Case Management Plan, which was submitted in compliance with the Court's April 12, 2012 Order (*see, e.g.*, Case No. 2:10-cv-570, Dkt. No. 432), this Court concludes that the procedure and schedule set forth in the Court's Case Management Plan (*see* Section I) and Schedule (*see* Section II) below should govern the above-captioned actions.

## I. CASE MANAGEMENT PLAN.

The following procedure shall govern the above-captioned actions:

**(11)** **August 3, 2012**: To the extent that third-party Source Code is implicated in the accused features, Defendants may voluntarily inform Plaintiff of the third-party in possession of such source code.

**(12)** **August 17, 2012**: Deadline for Plaintiff to issue third-party subpoenas requesting the production of Source Code only from third-parties in possession of such Source Code identified above. In the event Plaintiff fails to issue a subpoena to an identified third-party, a Defendant relying on that third-party source code may nonetheless move for expedited summary judgment in accordance with the procedures below.

**(13)** **August 17, 2012 to November 5, 2012**:

    a. Rolling production for Defendants to voluntarily produce Source Code and/or related technical documents (if any) in their possession to Plaintiff.[1] The production of Source Code shall be governed by the provisions set forth in Defendants' Proposed Protective Order.[2] All other productions shall be governed by the protections of Local Patent Rule 2-2.

    a. Plaintiff produces all settlement/license agreements pertaining to the asserted patent and prior litigation documents (including *Markman* briefs, Local Patent Rule 4 disclosures, prior art, dispositive motion briefing (with exhibits), expert reports, and inventor depositions) related to Plaintiff's interpretation of the scope of the asserted claims.

---

[1] Although early production of Source Code and technical documents is voluntary, Plaintiff would reserve its right to respond to any summary judgment motion pursuant to Federal Rule of Civil Procedure 56(d) for those Defendants who do not make an early production. Such Defendants, however, are not precluded from filing early motions regarding summary judgment issues as set forth below.

[2] Any third-party producing Source Code pursuant to a third-party subpoena may avail itself of the Source Code provisions set forth in Defendants' Proposed Protective Order. Such parties may also object and/or respond to a third-party subpoena in any manner allowed under the Federal Rules of Civil Procedure or the Local Rules.

  b. Plaintiff is granted leave to amend infringement contentions as to those products accused of infringement to include references to Source Code and/or technical documents produced by Defendants. Plaintiff shall amend its infringement contentions as to a specific Defendant within fourteen (14) days after receipt of Source Code and/or technical documents by a Defendant (or identified third-party).

**(14)** **November 19, 2012**: Final deadline for Plaintiff to update its infringement contentions with references to Source Code and/or technical documents.

**(15)** **December 3, 2012**: Start of period for Defendants to file early motions regarding summary judgment issues (including limited claim construction issues) for consideration on an expedited basis begins. Page limitations and response deadlines shall be governed by Local Rule CV 7.

**(16)** **March 2013**: Hearing on summary judgment motions (as allowed by Court schedule).

**(17)** **TBD - 30 Days Following Court Order on Above Motions** (if necessary):

  a. Parties serve Initial Disclosures pursuant to Federal Rule of Civil Procedure 26.

  b. Defendants serve Local Patent Rule 3-3 and 3-4 disclosures. Defendants produce limited damages disclosures, if available (*e.g.*, Webmetrics related to the accused functionality, revenue data regarding on-line versus in-store sales, data related to the ability of the accused functionality to drive in-store sales).

  c. Parties submit agreed Docket Control Order (or competing proposals) governing *Markman*, pre-trial, and trial deadlines.

**(18)** **TBD – 60 Days Following Court Order on Above Motions** (if necessary):

  a. Voluntary First Mediation Deadline: The Parties request that the Court appoint James Knowles as a mediator for these actions.

  b. Discovery in these Actions will take place in accordance with the Federal Rules of Civil Procedure and the Local Patent Rules after mediation. The Parties may serve discovery requests prior to mediation, but responses are not due until mediation is complete.

**(19)** **TBD** (if necessary): *Markman* hearing.

**(20)** **March 3, 2014** (if necessary): Trial

## II. SCHEDULE

In accordance with the Court's Case Management Plan above, the following schedule shall govern the above-captioned Actions.

| STEP | DESCRIPTION | DATE |
|---|---|---|
| 1. | Rule 26(f) meeting | June 20, 2012 |
| 2. | File case management plan | June 27, 2012 |
| 3. | Deadline to serve Disclosure of Asserted Claims and Infringement Contentions (P.R. 3-1 and 3-2) | June 27, 2012 |
| 4. | Rule 16(b) scheduling conference | July 11, 2012 at 10:00am in Tyler, Texas. |
| 5. | Deadline for Defendants to voluntarily inform Plaintiff of third-party source code. | August 3, 2012 |
| 6. | Deadline for Plaintiff to issue third-party subpoenas in connection with source code identified above. | August 17, 2012 |
| 7. | Deadline for Defendants to voluntarily produce source code and/or related technical documents in their possession. | November 5, 2012 |
| 8. | Deadline for Plaintiff to produce all settlement/license agreement pertaining to the asserted patent and prior litigation documents (including *Markman* briefs, Local Patent Rule 4 disclosures, prior art, dispositive motion briefing (with exhibits), expert reports, and inventor depositions) related to Plaintiff's interpretation of the scope of the asserted claims. | November 5, 2012 |
| 9. | Final deadline for Plaintiff to update its infringement contentions. | November 19, 2012 |
| 10. | Defendants granted leave to file early motions regarding summary judgment issues (including limited claim construction issues). | December 3, 2012 |
| 11. | Hearing on early motions regarding summary judgment issues. | March 2013. |

| STEP | DESCRIPTION | DATE |
|---|---|---|
| 12. | Order on Defendants early motions regarding summary judgment issues. | TBD |
| 13. | Deadline to serve initial disclosures (other than damages) | Step 12 + 30 days |
| 14. | Deadline to serve invalidity contentions (P.R. 3-3 and 3-4) | Step 12 + 30 days |
| 15. | Deadline for Parties to submit agreed Docket Control Order governing *Markman*, pre-trial, and trial deadlines | Step 12 + 30 days |
| 16. | First Voluntary Mediation deadline. | Step 12 + 60 days |
| 17. | Deadline to add additional parties | TBD* (*governed by Proposed Order submitted in Step 15). |
| 18. | Deadline to amend pleadings | TBD* |
| 19. | Deadline to exchange proposed terms for construction (P.R. 4-1) | TBD* |
| 20. | Deadline to file motions to dismiss | TBD* |
| 21. | Deadline to exchange privilege logs | TBD* |
| 22. | Deadline to exchange preliminary claim construction and extrinsic evidence (P.R. 4-2) | TBD* |
| 23. | Deadline to file Joint Claim Construction and Prehearing Statement (P.R. 4-3) | TBD* |
| 24. | Deadline to submit **required** tutorial | TBD* |
| 25. | Discovery deadline—claim construction | TBD* |
| 26. | Deadline to file opening claim construction brief (P.R. 4-5(a)) | TBD* |
| 27. | Deadline to file response to claim construction brief (P.R. 4-5(b)) | TBD* |
| 28. | Deadline to file motion for summary judgment of indefiniteness | TBD* |

| STEP | DESCRIPTION | DATE |
|---|---|---|
| 29. | Deadline to file reply to claim construction brief (P.R. 4-5(c)) | TBD* |
| 30. | Deadline to file response to motion for summary judgment of indefiniteness | TBD* |
| 31. | Deadline to file reply to motion for summary judgment of indefiniteness | TBD* |
| 32. | Deadline to file claim construction chart (P.R. 4-5(d)) | TBD* |
| 33. | Claim construction hearing (i.e. *Markman* hearing) (P.R. 4-6) | TBD* |
| 34. | Deadline to serve remaining damages disclosures | TBD* |
| 35. | Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof | TBD* |
| 36. | Deadline to disclose willfulness opinions (P.R. 3-7) | TBD* |
| 37. | Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof | TBD* |
| 38. | Discovery deadline | TBD* |
| 39. | Deadline to complete **required** mediation | TBD* |
| 40. | Deadline for dispositive motions (including *Daubert* motions) | TBD* |
| 41. | Deadline for parties to exchange pretrial disclosures | TBD* |
| 42. | Deadline to notify Court of daily transcript or realtime request | TBD* |
| 43. | Deadline for parties to exchange objections to pretrial disclosures | TBD* |
| 44. | Deadline for parties to meet and confer on objections | TBD* |
| 45. | Deadline to file pretrial materials | TBD* |

| STEP | DESCRIPTION | DATE |
|---|---|---|
| 46. | Deadline for parties to exchange exhibits | TBD* |
| 47. | Pretrial conference and trial setting | March 3, 2014 at 9:00am in Tyler, Texas. |